UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


TOMMY RODRIGUEZ LAM,

     Petitioner,

v.                             Case No. 2:26-cv-521-JES-DNF

FLORIDA SOFT SIDE SOUTH,

     Respondents.

---

**<u>ORDER OF DISMISSAL</u>**

Petitioner Tommy Rodriguez Lam, an immigration detainee, has been in the custody of Immigration and Customs Enforcement (ICE) at the Florida Soft Side South Detention Facility (Alligator Alcatraz) since November 20, 2025. He initiated this pro se action on February 24, 2026 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.)

Petitioner does not argue that he is not subject to mandatory detention by ICE. Rather, he alleges that the conditions at Alligator Alcatraz are inhumane. He claims that there is insufficient water for the detainees to shower or brush teeth daily; that toilet paper is rationed; that he has been denied proper medical care; and that he must rush to eat his food despite being hypoglycemic and missing teeth. (Doc. 1 at 6-7). He seeks <u>only</u> release from custody. (<u>Id.</u> at 8).

The Supreme Court, while not expressly foreclosing habeas relief for a conditions of confinement claim, has refused to recognize it as a proper vehicle to obtain such relief. Bell v. Wolfish, 441 U.S. 520, 527 n. 6 (1979) ("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). And the Eleventh Circuit has determined that, even if a prisoner proves that his treatment violates the Eighth Amendment in a habeas corpus action, he "is not entitled to release" as relief. See Gomez v. United States, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citations omitted); Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991) (holding that "[r]elease from confinement is not a possible remedy" for a prison conditions claim); Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law."); Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979) (holding that a prisoner who was subjected to cruel and unusual punishment "still would not be entitled to release from prison").[1]  Petitioner does not cite to any

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

2

precedential authority for this Court to find contrary to <u>Gomez</u>, <u>Fernandez</u>, <u>Cook</u>, or the dictum in <u>Bell</u>.

Section 2241, therefore, does not authorize this Court to provide the only relief Petitioner seeks—a release from custody. When a federal court lacks authority to grant the relief that a petitioner requests in a section 2241 petition, the proper procedure is to dismiss the action. <u>See</u> Rule 4, Rules Governing Section 2254 Cases[2] (holding that a Court must dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); <u>Day v. Crosby</u>, 391 F.3d 1192, 1194 (11th Cir. 2004) (noting that district courts have authority to dismiss a habeas petition sua sponte when they are unable to grant the relief requested).

Accordingly, it is now **ORDERED**:

1.  This case is **DISMISSED without prejudice** under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

---

[2] Rule 4 of the Rules Governing Section 2254 Cases applies to petitions under both sections 2254 and 2241, as provided in Rule 1(b).

2.    The **Clerk of Court** is directed to terminate any pending motions as moot, close this file, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4